JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
ALEXANDER K. TALARIDES (SBN 268068)
atalarides@orrick.com
TRISTAN K. ALLEN (SBN 335505)
tallen@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759

Attorneys for Defendants

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE SMITH, derivatively on behalf of MARQETA, INC.<br><br>Plaintiff,<br><br>v.<br><br>SIMON KHALAF, MICHAEL MILOTICH, NAJUMA ATKINSON, ALPESH CHOKSHI, MARTHA CUMMINGS, JASON GARDNER, R. MARK GRAF, JUDSON C. LINVILLE, KIRAN PRASAD, HELEN RILEY, and GODFREY SULLIVAN,<br><br>Defendants,<br><br>and<br><br>MARQETA, INC.,<br><br>Nominal Defendant. | Case No. 4 ~~3~~:25-cv-01174-YGR<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER CONSOLIDATING RELATED SHAREHOLDER DERIVATIVE ACTIONS AND APPOINTING CO-LEAD COUNSEL FOR PLAINTIFFS** |

*[Caption continued on following page]*

| | |
|---|---|
| SAM OJSERKIS, derivatively on behalf of MARQETA, INC.<br><br>Plaintiff,<br><br>v.<br><br>SIMON KHALAF, MICHAEL MILOTICH, NAJUMA ATKINSON, ALPESH CHOKSHI, MARTHA CUMMINGS, JASON GARDNER, R. MARK GRAF, JUDSON C. LINVILLE, KIRAN PRASAD, HELEN RILEY, and GODFREY SULLIVAN,<br><br>Defendants,<br><br>and<br><br>MARQETA, INC.,<br><br>Nominal Defendant. | Case No. 4:25-cv-01883-YGR |
| EDUARDO PRECIADO, derivatively on behalf of MARQETA, INC.<br><br>Plaintiff,<br><br>v.<br><br>SIMON KHALAF, NAJUMA ATKINSON, ALPESH CHOKSHI, MARTHA CUMMINGS, JASON GARDNER, R. MARK GRAF, JUDSON C. LINVILLE, KIRAN PRASAD, HELEN RILEY, and GODFREY SULLIVAN, and MICHAEL MILOTICH,<br><br>Defendants,<br><br>and<br><br>MARQETA, INC.,<br><br>Nominal Defendant. | Case No. 4 ~~3~~:25-cv-02100-YGR |

Plaintiffs Stephanie Smith ("Plaintiff Smith"), Sam Ojserkis ("Plaintiff Ojserkis"), and Eduardo Preciado ("Plaintiff Preciado," and together with Plaintiffs Smith and Osjerkis, the "Plaintiffs"), Defendants Simon Khalaf, Michael Milotich, Najuma Atkinson, Alpesh Chokshi, Martha Cummings, Jason Gardner, R. Mark Graf, Judson C. Linville, Kiran Prasad, Helen Riley, and Godfrey Sullivan (collectively, the "Individual Defendants"), and Nominal Defendant Marqeta, Inc. ("Marqeta," and together with the Individual Defendants, "Defendants," and together with the Plaintiffs, the "Parties"), by and through their undersigned counsel of record, jointly submit this stipulation to consolidate the above-captioned actions and to appoint co-lead counsel for plaintiffs in the consolidated action as set forth below.

WHEREAS, on February 4, 2025, Plaintiff Smith filed a shareholder derivative action in this Court captioned *Smith v. Khalaf, et al.*, Case No. 3:25-cv-01174-YGR (the "*Smith* Action"), on behalf of Nominal Defendant Marqeta against the Individual Defendants, asserting claims for breach of fiduciary duty, unjust enrichment, abuse of control, gross mismanagement, waste of corporate assets, and for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") (*Smith* Action, ECF No. 1);

WHEREAS, on February 24, 2025 (the agreed "Date of Service"), Defendants accepted service of the complaint in the *Smith* Action, and Plaintiff Smith and Defendants stipulated that, absent further stipulation or court order, Defendants will have 60 days from the Date of Service to answer or otherwise respond to the Complaint (*Smith* Action, ECF No. 8), which the Court granted on March 13, 2025 (*Smith* Action, ECF No. 13);

WHEREAS, on February 5, 2025, the Court issued an order in the *Smith* Action (the "February 5, 2025 Order") setting: (1) a Rule 26(f) conference deadline of April 17, 2025; (2) an initial disclosures and joint case management statement deadline of May 1, 2025; and (3) an initial case management conference on May 8, 2025 (*Smith* Action, ECF No. 5);

WHEREAS, on March 11, 2025, the *Smith* Action was reassigned to the Honorable Judge Charles R. Breyer (*Smith* Action, ECF No. 11), and the Court issued an order (the "March 11, 2025 Order") resetting the initial case management conference for June 13, 2025, with a joint case management statement deadline of June 6, 2025 (*Smith* Action, ECF No. 12);

WHEREAS, on February 21, 2025, Plaintiff Ojserkis filed a similar shareholder derivative action in this Court captioned *Ojserkis v. Khalaf, et al.*, Case No. 4:25-cv-01883-YGR (the "*Ojserkis* Action"), on behalf of Nominal Defendant Marqeta against the Individual Defendants, asserting claims for breach of fiduciary duty, unjust enrichment, abuse of control, gross mismanagement, waste of corporate assets, and for violations of Sections 10(b) and 20(a) of the Exchange Act based upon similar facts and circumstances as those underlying the *Smith* Action (*Ojserkis* Action, ECF No. 1);

WHEREAS, on February 21, 2025, the Court issued an order in the *Ojserkis* Action (the "February 21, 2025 Order") setting: (1) a Rule 26(f) conference deadline of May 19, 2025; (2) an initial disclosures and joint case management statement deadline of June 2, 2025; and (3) an initial case management conference on June 9, 2025 (*Ojserkis* Action, ECF No. 4);

WHEREAS, on February 27, 2025, Plaintiff Preciado filed a similar shareholder derivative action in this Court captioned *Preciado v. Khalaf, et al.*, Case No. 3:25-cv-02100-YGR (the "*Preciado* Action," and together with the *Smith* and *Ojserkis* Actions, the "Related Derivative Actions"), on behalf of Nominal Defendant Marqeta against the Individual Defendants, asserting claims for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, unjust enrichment, abuse of control, waste of corporate assets, and for violations of Section 10(b) of the Exchange Act based upon similar facts and circumstances as those underlying the *Smith* and *Ojserkis* Actions (*Preciado* Action, ECF No. 1);

WHEREAS, on February 28, 2025, the Court issued an order in the *Preciado* Action (the "February 28, 2025 Order") setting: (1) a Rule 26(f) conference deadline of May 8, 2025; (2) an initial disclosures and joint case management statement deadline of May 22, 2025; and (3) an initial case management conference on May 29, 2025 (*Preciado* Action, ECF No. 5);

WHEREAS, on March 14, 2025, the *Preciado* Action was reassigned to the Honorable Judge Vince Chhabria (*Preciado* Action, ECF No. 21), and the Court issued an order (the "March 14, 2025 Order," and collectively with the February 5, 2025, February 21, 2025, February 28, 2025, and March 11, 2025 Orders, the "Case Management Orders") resetting the initial case management conference for May 30, 2025, with a joint case management statement deadline of May 23, 2025

(*Preciado* Action, ECF No. 22);

WHEREAS, an earlier-filed and substantially similar securities class action is pending with this Court, captioned *In re Marqeta, Inc. Securities Litigation*, Case No. 4:24-cv-08874-YGR (the "Related Securities Action"), against Marqeta and certain of the Individual Defendants, alleging violations of the Exchange Act based on substantially the same facts and circumstances at issue in the Related Derivative Actions;

WHEREAS, on March 13, 2025, the defendants in the Related Securities Action filed an Unopposed Administrative Motion to Consider Whether Cases Should Be Related, submitting that the *Smith* and *Preciado* Actions are related to the Related Securities Action (Related Securities Action, ECF No. 39);

WHEREAS, on March 14, 2025, the *Smith* and *Preciado* Actions were reassigned to the Honorable Judge Yvonne Gonzalez Rogers as related to the Related Securities Action (Related Securities Action, ECF No. 41);

WHEREAS, counsel for the Parties have conferred regarding the Related Derivative Actions and appropriate next steps;

WHEREAS, the Parties agree that the Related Derivative Actions challenge substantially similar alleged conduct by the same directors and executive officers of Marqeta, involve substantially similar questions of law and fact, and involve overlapping factual allegations, and agree that the administration of justice would best be served by consolidating the Related Derivative Actions;

WHEREAS, the Parties agree that, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the Related Derivative Actions should be consolidated for all purposes into a single consolidated action (hereinafter referred to as the "Consolidated Derivative Action") in order to avoid duplication of effort and potentially conflicting results, and to conserve party and judicial resources;

WHEREAS, in order to realize the efficiencies made possible by consolidation of the Related Derivative Actions, Plaintiffs agree that The Brown Law Firm, P.C. and Rigrodsky Law, P.A. shall be designated as Co-Lead Counsel for plaintiffs in the Consolidated Derivative Action;

WHEREAS, without waiving any rights, arguments or defenses, Defendants agree that the Related Derivative Actions should be consolidated and take no position regarding the appointment of Co-Lead Counsel for plaintiffs;

WHEREAS, the Parties have further agreed that the deadlines established by the Case Management Orders should be vacated or continued until after the consolidation of the Related Derivative Actions;

NOW, THEREFORE, the Parties, by and through their undersigned counsel of record, in the interests of judicial economy, hereby agree and stipulate, and respectfully request that the Court order as follows:

1. Defendants accept service of the complaint in the *Ojserkis* and *Preciado* Actions to the extent that service has not yet been perfected on any Defendant, provided, however, that the acceptance of service shall not waive any rights, claims, and defenses other than a defense as to the sufficiency of service.

2. The Related Derivative Actions are hereby consolidated for all purposes, including any pre-trial proceedings and trial, into the Consolidated Derivative Action under Case No. **4** ~~3~~:25-cv-01174-YGR:

| **Case Name** | **Case Number** | **Date Filed** |
|---|---|---|
| *Smith v. Khalaf, et al.* | 3:25-cv-01174-YGR | February 4, 2025 |
| *Ojserkis v. Khalaf, et al.* | 4:25-cv-01883-YGR | February 21, 2025 |
| *Preciado v. Khalaf, et al.* | 3:25-cv-02100-YGR | February 27, 2025 |

3. Every pleading filed in the Consolidated Derivative Action, or in any separate action included herein, shall bear the following caption:

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE MARQETA, INC. DERIVATIVE LITIGATION | **4** ~~3~~:25-cv-01174-YGR (Consolidated) |
| This Document Relates to: ALL ACTIONS | |

4. All papers filed in connection with the Consolidated Derivative Action shall be maintained in one file under Case No. 4 ~~3~~:25-cv-01174-YGR.

5. Co-Lead Counsel for Plaintiffs for the conduct of the Consolidated Derivative Action shall be:

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

**RIGRODSKY LAW, P.A.**
Timothy J. MacFall
Samir Aougab
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: tjm@rl-legal.com
Email: sa@rl-legal.com

6. Co-Lead Counsel shall have the sole authority to speak for Plaintiffs in all matters regarding any pre-trial procedure, trial, and settlement negotiations, and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

7. Co-Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of Plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any Plaintiffs except through Co-Lead Counsel.

8. Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on all Plaintiffs.

9. This Order shall apply to each related shareholder derivative action involving the same or substantially the same allegations, claims, and defendants, and arising out of the same, or substantially the same, transactions or events as the Consolidated Derivative Action, that is subsequently filed in, removed to, reassigned to, or transferred to this Court. If a shareholder derivative action that properly belongs as part of *In re Marqeta, Inc. Derivative Litigation*, Case

No. 4 3:25-cv-01174-YGR, is hereafter filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court, this Court requests the assistance of counsel in calling to the attention of the clerk of the Court the filing, removal, reassignment, or transfer of any case that might properly be consolidated as part of *In re Marqeta, Inc. Derivative Litigation*, Case No. 3:25-cv-01174-YGR, and counsel to the Parties are to assist in assuring that counsel in subsequent actions receive notice of this order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Derivative Action shall apply to all later shareholder derivative actions involving Marqeta filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court, and such actions shall be consolidated into the Consolidated Derivative Action.

10. Plaintiffs shall designate an operative complaint or file a consolidated complaint within thirty (30) days of entry of this Order. This operative or consolidated complaint shall supersede the initial complaints filed in the Related Derivative Actions, and Defendants are not required to answer or otherwise respond to those initial complaints. Defendants shall have thirty (30) days to answer or otherwise respond to the operative or consolidated complaint.

11. All papers and documents previously filed and/or served in the Related Derivative Actions shall be deemed a part of the record in the Consolidated Derivative Action.

12. This stipulation is without waiver or prejudice to any and all claims, defenses, arguments, motions, or any requests for other relief that would be otherwise available to the Parties in the Related Derivative Actions.

13. The deadlines and initial case management conferences set forth in the Case Management Orders are vacated, to be rescheduled as the Court determines to be appropriate after the Related Derivative Actions are consolidated.

**IT IS SO STIPULATED.**

Dated: March 17, 2025

**ORRICK HERRINGTON & SUTCLIFFE LLP**

*/s/ Alexander K. Talarides*
ALEXANDER K. TALARIDES

James N. Kramer
Alexander K. Talarides
Tristan K. Allen
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: (415) 773-5700
E-mail: jkramer@orrick.com
atalarides@orrick.com

*Counsel for Defendants*

Dated: March 17, 2025

**THE BROWN LAW FIRM, P.C.**

*/s/ Robert C. Moest*
ROBERT C. MOEST

2530 Wilshire Boulevard, Second Floor
Santa Monica, CA 90403
Telephone: (310) 915-6628
Facsimile: (310) 915-9897
Email: RMoest@aol.com

- and -

**THE BROWN LAW FIRM, P.C.**
Timothy Brown (*Pro Hac Vice* Forthcoming)
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

*Counsel for Plaintiff Stephanie Smith*

Dated: March 17, 2025

**THE ROSEN LAW FIRM, P.A.**

*/s/ Laurence M. Rosen*
LAURENCE M. ROSEN

355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4681
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff Sam Ojserkis*

Dated: March 17, 2025

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

*/s/ Alex J. Tramontano*
ALEX J. TRAMONTANO

Betsy C. Manifold
Rachele R. Byrd
Alex J. Tramontano
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
Email: manifold@whafh.com
byrd@whafh.com
tramontano@whafh.com

\- and -

**RIGRODSKY LAW, P.A.**
Timothy J. MacFall (*Pro Hac Vice Forthcoming*)
Samir Aougab (*Pro Hac Vice Forthcoming*)
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: tjm@rl-legal.com
sa@rl-legal.com

*Counsel for Plaintiff Eduardo Preciado*

***

**ATTESTATION OF CONCURRENCE**

I, Alexander K. Talarides attest pursuant to Local Rule 5-1(i)(3) that all other signatories to this document, on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing.

Dated: March 17, 2025

*Alexander K. Talarides*
ALEXANDER K. TALARIDES

***

**[~~PROPOSED~~] ORDER**

Based on the stipulation of the signed Parties, and good cause appearing, IT IS HEREBY ORDERED that the Stipulation is approved.

**IT IS SO ORDERED.**

Dated: March 17, 2025

HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE